## BOARD OF EDUCATION OF BEAUFORT COUNTY v. BOARD OF COMMISSIONERS OF BEAUFORT COUNTY.

(Filed 12 September, 1917.)

**Constitutional Law — Amendments, 1916 — School Districts — Special Statutes—Statutes—Corporations.**

The amendment of 1916 to Article VIII, section 1, of the Constitution withdraws from the Legislature the power to create a corporation, or to extend, alter, or amend its charter by special act, and does not affect an act of the Legislature, passed since it went into effect, authorizing a school district theretofore formed under the provisions of Revisal, sec. 4115, to issue bonds for school purposes with the consent of its voters. As to whether corporations of this character come within the meaning of the amendment as *quasi*-municipal corporations, *quœre?*

CIVIL ACTION tried before *Kerr, J.,* the Fall Term, 1917, of BEAUFORT.

This is a controversy, submitted without action, to ascertain whether an act authorizing the Small Graded School District to issue bonds for the purpose of building a schoolhouse, and ratified by the General Assembly of 1917, on 30 January, 1917, is in contravention of the Constitution, Art. VIII, sec. 1.

His Honor held that the act was not in violation of the Constitution, and the defendant appealed.

The Small Graded School District is a special-tax district organized under section 4115 of the Revisal of 1905 and acts amendatory thereof.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Lindsay C. Warren for defendant.*

ALLEN, J. The statute which the defendant assails was ratified 30 January, 1917, twenty days after the amendments of 1916 to the Constitution became operative.

It confers authority to hold an election in the Small Graded School District, which had theretofore been established under the general law (Rev., sec. 4115), on the question of issuing bonds for the purpose of building a schoolhouse and furnishing it with suitable equipment and to issue bonds pursuant to the will of the people expressed at the election.

An election has been held in accordance with law, and the result declared in favor of the proposition, but the defendant refuses to issue the bonds as directed to do by the statutes upon the ground that the statute is unconstitutional, in that it is in conflict with Article VIII, section 1, of the Constitution, which, as amended, reads as follows:

"No corporation shall be created, nor shall its charter be extended, altered, or amended by special act, except corporations for charitable, educational, penal, or reformatory purposes that are to be and remain under the patronage and control of the State; but the General Assembly shall provide by general laws for the chartering and organization of all corporations and for amending, extending, and for forfeiture of all charters, except those above permitted by special act. All such general laws and special acts may be altered from time to time or repealed; and the General Assembly may at any time by special act repeal the charter of any corporation."

It is true, as the defendant contends, that special school-tax districts are referred to in several decisions as *quasi*-municipal corporations; but if it is conceded that this is their legal status, and that municipal corporations are among those covered by section 1 of Article VIII of the Constitution, although this article is entitled "Corporations other than Municipal," the question remains for decision whether the statute comes within the prohibitions of the section.

Power is withdrawn from the General Assembly by the section in two instances only: (1) No corporation shall be created by special act; (2) no charter shall be extended, altered, or amended by special act—thereby confining the limitation on legislative action to creating corporations and to extending, altering, and amending the charters of corporations already in existence.

The statute in question does neither. The school district had been formed before the enactment of the statute and was not created by it, and it has no charter to be extended, altered, or amended.

Affirmed.